# United States Court of Appeals for the Fifth Circuit

---

No. 24-30334
CONSOLIDATED WITH
No. 24-30421
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2025

Lyle W. Cayce
Clerk

TERRY CATHERINE,

*Plaintiff—Appellant*,

*versus*

MDK 706, L.L.C.,

*Defendant—Appellee*.

---

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-3986

---

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

This workplace-discrimination/retaliation suit under Title VII was filed on August 22, 2023 according to the district court's docket—over ninety days after Plaintiff-Appellant Terry Catherine received a right-to-sue letter from the Equal Employment Opportunity Commission. Defendant-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30334
c/w No. 24-30421

Appellee MDK 706, L.L.C. (MDK) moved to dismiss the suit as untimely. Catherine responded his complaint was filed on time "as shown by the 'Tendered' stamp on the complaint." However, he provided no evidence that the clerk's August 22 date of filing was incorrect; nor did he provide other information or argument to support his contention. On April 16, 2024, the district court granted MDK's motion and dismissed the case.

On April 23, 2024, Catherine filed a Rule 59 motion arguing he had tendered his complaint to the district court clerk for filing on August 11, 2023.[1] While Catherine added more to the contention that his complaint was timely filed (*e.g.*, law and argument that he tendered the complaint to the clerk of court on August 11), he again produced no evidence to support the allegation and nothing was found in the court file supporting Catherine's claim. The district court denied the motion, noting the absence of evidence that would impeach the clerk of court's August 22, 2023 filing date.

On June 26, 2024, Catherine moved the district court to correct or supplement the record under appellate Rules 10(e)(1) and (e)(2).[2] For the first time, Catherine attached a photograph of the first page of his complaint bearing a clerk's stamp of "Tendered for Filing" on August 11, 2023. By this time, Catherine had filed an appeal of the district court's dismissal. Because the case was on appeal, the district court denied the motion.

On July 31, 2024, the plaintiff again filed a similar motion in the district court under appellate Rule 10 and civil Rule 60(a).[3] The district court denied that motion the same day.

---

[1] Fed. R. Civ. P. 59.

[2] Fed. R. App. P. 10(e)(1)–(e)(2).

[3] Fed. R. App. P. 10; Fed. R. Civ. P. 60.

No. 24-30334
c/w No. 24-30421

On August 15, 2024, Catherine moved this Court to supplement the record with the photo of the August 11 complaint stamped "Tendered for Filing," which we granted the next day.

On appeal, Catherine points out that the stamped page of the August 11 complaint cannot be found in the district court record, and excuses counsel's failure in timely presenting the photograph to the district court with his belief that the August 11 "Tendered" stamp would be found on the back side of the complaint in the record. Mindful that Catherine's counsel has been less than diligent, in the interest of justice and to vindicate any adverse reflection on the district court clerk's office, we VACATE the district court's judgment and REMAND this case to the district court to conduct further proceedings to determine whether Catherine tendered his complaint to the district court on August 11, 2023, and if so, whether he should be permitted to proceed with his suit. If the answer to this question is yes, then the district court should consider the merits of the action. VACATED and REMANDED.